UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:18CR37 (VAB) |
| | : | |
| v. | : | |
| | : | |
| DAVID VANGAS | : | August 22, 2019 |

THE GOVERNMENT'S SENTENCING MEMORANDUM

On February 28, 2018, defendant David Vangas pled guilty to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.  In doing so, the defendant stipulated to an attributable drug quantity of at least 5 kilograms of cocaine but less than 15 kilograms.  The defendant spent approximately eleven months in detention before he was released on bond.  This Court is scheduled to sentence the defendant on August 26, 2019.

The background of the investigation that led to defendant Vangas' arrest and his offense conduct is set forth in detail in the Pre-Sentence Report ("PSR") and the Government will not repeat those facts here.  In summary, in 2017, co-conspirator Ernesto Delgado was the leader of a drug trafficking enterprise in Waterbury, Connecticut, responsible for importing kilogram quantities of powder cocaine from Puerto Rico.  Delgado, whom this Court sentenced to 120 months' incarceration, regularly accepted packages containing two and four kilograms of cocaine, distributed the cocaine to various customers in greater Waterbury and mailed back cash payments to his Puerto Rican suppliers of $25,000 per kilogram.  For example, on July 15, 2017, he mailed a package which was intercepted and found to contain $100,000 in drug proceeds.  At the time of his arrest in December 2017, Delgado and co-conspirator Jose Rivera, whom this Court sentenced to 60 months' imprisonment, were found in possession of 4 kilograms of cocaine

that had been received in postal parcels. Indeed, during the course of this investigation, law enforcement personnel seized multiple packages containing approximately 14 kilograms of cocaine, which corroborated the existence of this enterprise and the methods employed. Delgado employed couriers who would both mail packages of cash and receive packages of cocaine for him. Defendant Vangas was one of those couriers, whose address was used as a drop location for cocaine parcels mailed from Puerto Rico. In 2017, the Government's evidence revealed that defendant Vangas knowingly accepted three two-kilogram packages of cocaine on behalf of Delgado and was paid approximately $500 for each package received. Vangas did not directly distribute the cocaine to other dealers and he did not profit directly from the re-distribution of the cocaine. He did not deal with the suppliers in Puerto Rico and he did not deal with the flow of drug proceeds. To put it simply, Vangas "caught" boxes for Delgado in exchange for a fee. This is a common tactic employed in these postal package drug operations based out of Puerto Rico. By utilizing a courier in the middle, both the source of supply in Puerto Rico and the true, intended recipient at the point of destination provide a layer of insulation between themselves and law enforcement detection.

With respect to the advisory guidelines calculation, the parties stipulated to a drug quantity of at least 5 kilograms of cocaine but less than 15 kilograms, which yields a base offense level of 30. In light of the defendant's limited role as described above, the parties agreed to a two level reduction in offense for minor role. In the government's view, defendant Vangas was the least culpable relative to his co-conspirators in light of his role in the offense. The defendant also has qualified for an additional three level reduction for acceptance of responsibility. Accordingly, the Government agrees that his total adjusted offense level is 25, that he is CHC II and that his advisory guidelines imprisonment range is 63-78 months. The Government also agrees with the Probation Office's First Step Act analysis and that the defendant has satisfied all the requirements for eligibility.

Under 18 U.S.C. § 3553(a), the Court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "to afford adequate deterrence to criminal conduct" by the public and "to protect the public from further crimes of the defendant." An appropriate sentence must also take into account "the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a).

Here, the defendant participated in a drug trafficking offense that is serious and deserving of significant punishment. While the defendant's role was minor, he nonetheless played a role in a drug trafficking enterprise that distributed multi-kilogram quantities of cocaine in Connecticut. Connecticut is one of the primary destinations for cocaine that is sourced from Puerto Rico through the U.S. Mail and these postal parcels schemes are increasingly becoming a tool of the trade for Puerto Rico-based cocaine suppliers. Moreover, as this Court has recognized, narcotics crimes are not victimless. Drug trafficking has a broad array of victims, from the individuals who become addicted, to families that are destroyed, to the erosion of educational and economic opportunities and the decay of whole neighborhoods.

The defendant's conduct is also troubling because it occurred after the defendant incurred two prior felony drug convictions, including one for sale of narcotics, and four misdemeanor convictions. Clearly, the non-incarceration sentences he received in the past did not result in the defendant appreciating the consequences of his actions sufficient to deter him from engaging in the offense conduct in this case. On the other hand, the government notes that the defendant has served roughly eleven months in this matter after not having previously received the deterrent benefit of imprisonment. Further, while there have been some bumps in his compliance with release conditions, he has made progress pending sentencing, most notably the securing of steady employment. He has at least demonstrated that he is capable of charting a more positive,

productive and law-abiding path forward.

Accordingly, the Government requests that the Court, after consideration of all the circumstances, impose a sentence that balances all of the 18 U.S.C. Section 3553(a) factors and is sufficient but not greater than necessary to achieve the purposes of sentencing. The Government does not seek the imposition of a fine.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/

_____

S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar. No. ct11957
Office of the U.S. Attorney
450 Main Street, Room 328
Hartford, CT 06103
860-947-1101

CERTIFICATION

    I hereby certify that on August 22, 2019, the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/

_____

S. Dave Vatti
Assistant U.S. Attorney
